UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLIAM ADAM BURCH, ET AL                 CIVIL ACTION

VERSUS                                    NO:  20-1984

MADCON CORPORATION                        SECTION: "S" (2)

ORDER AND REASONS

IT IS HEREBY ORDERED that defendant's **Motion to Dismiss for Failure to State a Claim** (Rec. Doc. 12) is **GRANTED in part,** and plaintiffs' claims under the Louisiana Wage Payment Act are **DISMISSED**. In all other respects it is **DENIED**;

IT IS FURTHER ORDERED that defendant's alternative **Motion for Partial Summary Judgment** (Rec. Doc. 12) is **DENIED**;

IT IS FURTHER ORDERED that defendant shall file an Answer within **14 days** of entry of this order.

BACKGROUND

Plaintiffs herein are commercial divers and diving supervisors who worked for the defendant, MADCON, on its CBG Loading Jetty Repair project in Kamsar, Guinea. Plaintiffs allege that they received and accepted offer letters from MADCON which provided, inter alia, a day rate, a safety bonus, and an early completion bonus to undertake work in Guinea. They further allege that they completed their work ahead of schedule on November 10, 2019, and were thus due certain bonuses and other sums from MADCON, and to date, MADCON has failed to pay them. Plaintiffs have filed suit under the Seaman's Wage Act, Louisiana Wage Statutes, and

the General Maritime Law.

Following plaintiffs' filing of their First Amended Complaint, defendant has renewed its motion to dismiss, arguing that the plaintiffs have failed to allege sufficient facts to state a claim. Defendant has supplemented its motion to dismiss with evidence and a declaration addressing the merits of plaintiffs' allegations, and alternatively seeks partial summary judgment finding that plaintiffs did not take part in a foreign or intercoastal voyage. Plaintiffs oppose, arguing that they have adequately stated a claim, and that summary judgment on any issue is premature due to the pre-discovery posture of the case.

## DISCUSSION

### *Legal Standards*

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. "To survive a Rule12(b)(6) motion to dismiss, 'enough facts to state a claim for relief that is plausible on its face must be pleaded." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 555 (citations omitted). The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008).  However, the court need not

2

accept legal conclusions couched as factual allegations as true. <u>Iqbal</u>, 556 U.S. at 678.

In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. <u>Collins v. Morgan Stanley Dean Witter</u>, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)). However, the district court "may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." <u>Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.</u>, 748 F.3d 631, 635 (5th Cir. 2014).

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." <u>Beck v. Somerset Techs., Inc.</u>, 882 F.2d 993, 996 (5th Cir. 1989) (citing <u>Anderson</u>, 477 U.S. 242 (1986).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue

3

for trial.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

***Seaman's Wage Act claims***

The Seamen's Wage Act, 46 U.S.C.A. § 10313, codifies the rights of seamen on foreign voyages and voyages between the Atlantic and Pacific coasts to receive wages, requiring that they be paid full wages within a specified time at the end of each voyage. It provides in pertinent part: "A seaman's entitlement to wages and provisions begins when the seaman begins work or when specified in the agreement required by section 10302 of this title for the seaman to begin work or be present on board, whichever is earlier." 46 U.S.C. § 10313(a). The Seaman's Wage Act applies to "a vessel of the United States . . . on a voyage between a port in the United States and a port in a foreign country (except a port in Canada, Mexico, or the West Indies)." 46 U.S.C. § 10301(a).

Defendant argues that plaintiffs' claims under the Seaman's Wage Act in this case are subject to dismissal because plaintiffs are "unable to show that they engaged in a qualifying voyage as required by the statute," and that they are "unable to show that they executed an agreement required by Section 10302." Rec. Doc. 12-1, p. 5. The court notes that at this stage, it is not plaintiffs' burden to *show* that they engaged in a qualifying voyage or executed a certain type of agreement, but adequately to allege it.

Plaintiffs allege that the "U.S. vessel, M/V PIT BARGE, owned and operated by MADCON, partook on a foreign voyage. The M/V PIT BARGE left a U.S. port in South

4

Carolina to Africa. Complainants, WILLIAM ADAM BURCH, BRIAN BIBBY and

FRANKLIN FITZGERALD, participated in the foreign voyage pursuant to their Seaman's Wage

Agreement with MADCON aboard M/V PIT BARGE." Plaintiffs further allege that they

"contracted with Respondent, MADCON, in the state of Louisiana, as seamen, commercial

divers and diving supervisors and members of the crew of the M/V PIT BARGE, a MADCON

owned and/or chartered, manned, provisioned and controlled diver support vessel, as MADCON

was conducting underwater commercial diving operations for MADCON's CBG Loading Jetty

Repair project located in Kamsar, Guinea, West Africa."

      Defendant traverses the facts as set forth in the Amended Complaint, arguing that it does

not own or operate a vessel called the M/V PIT BARGE, and no vessel is registered in the

United States under that specific name. Defendant further contends that because the vessel does

not exist, plaintiffs cannot have participated in a voyage upon it. Defendant also cites to

deposition testimony given by plaintiff Fitzgerald in another lawsuit, in which Fitzgerald stated

that he did not travel to Guinea by boat from any port in the United States. Thus, defendant

contends plaintiffs did not participate in a qualifying voyage under the statute.

      Defendant's contentions challenge the accuracy of the facts alleged, not the sufficiency of

the allegations. Assuming plaintiffs have mis-named the vessel, they nevertheless allege that

they contracted as seamen to serve as crew members on a MADCON owned and/or chartered,

manned, provisioned and controlled diver support vessel. Plaintiffs further allege that they

MADCON vessel undertook a foreign voyage from a U.S. port in South Carolina to Africa, and

that they participated in the foreign voyage pursuant to Seaman's Wage Agreements with

MADCON.

In ruling on a motion to dismiss, the court acts "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555. In this case, defendant questions the factual accuracy of plaintiffs' allegations, not whether plaintiff has sufficiently pleaded their Seaman's Wage Act claim. Accordingly, dismissal of this claim pursuant to Rule 12(b)(6) is inappropriate.

In addition, while it appears undisputed that plaintiffs were not aboard the vessel for the entirety of its intercoastal voyage, defendant has not pointed to *undisputed* facts in the record that demonstrate plaintiffs did not take part in a foreign or intercoastal voyage, so it is not entitled to partial summary judgment on this issue at this juncture.

### Louisiana Wage Payment Act claims

Plaintiffs' have also alleged claims under the Louisiana Wage Payment Act ("LWPA"). The LWPA provides in part:

§631 Discharge or resignation of employees; payment after termination of employment

A.(1)(a) **Upon the discharge** of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first.

(b) **Upon the resignation** of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday for the pay cycle during which the employee was working at the

6

time of separation or no later than fifteen days following the date of resignation, whichever occurs first.

La. R.S. § 23:631 (bold emphasis added).

Thus, the LWPA requires an employer promptly to pay an employee whatever amount the employee is due upon discharge or resignation. Bergeron v. Ochsner Health Sys., 2017 WL 3648451, at *2 (E.D. La. Aug. 24, 2017) (citing La. R.S. § 23:631(A)(1)(a)-(b); Becht v. Morgan Building & Spas, Inc., 843 So. 2d 1109, 1111 (La. 2003)). Because it is a penal statute, the La. R.S. 23:632 must be strictly construed, and its provisions yield to equitable defenses. Jeansonne v. Schmolke, 40 So.3d 347, 361 (La. App. 4 Cir. 5/19/10) (citations omitted).

In this case, plaintiffs allege that "[o]n or about 10 November 2019 Complainants' services, pursuant to their Seaman's Wage Agreement with MADCON, were completed ahead of schedule. The Complainants', WILLIAM ADAM BURCH, BRIAN BIBBY and FRANKLIN FITZGERALD, employment relationship with MADCON terminated."

Defendant argues that the LWPA is inapplicable to this case because plaintiffs have not alleged that they were "discharged" or "resigned." Defendant contends that because plaintiffs allege instead that they were "terminated" upon completion of their work, they do not state a claim under the LWPA. In so arguing, defendants point to Collins v. Joseph, 250 So.2d 796, 799 (La. Ct. App. 1971) holding that La. R.S. 23:631 was inapplicable because the plaintiff was not discharged nor did she resign. The court found that plaintiff's contract expired when she fully completed the work contemplated by the contract, foreclosing the applicability of the LWPA. Similarly, in Smith v. Coffman, 87 So. 3d 137, 153 (La. App. 2 Cir. 2/8/12), the court, citing

Black's Law Dictionary definition of discharge as "the firing of an employee," found that absent

a firing or resignation, an employee should not be considered fired or discharged, and the LWPA

is not triggered. In <u>Franklin v. Ram, Inc. (Of Arkansas)</u>, 576 So. 2d 546 (La. Ct. App. 1991), in

which an employee's job ended due to completion of work as a welding supervisor in Brazil,

relying on the fact that "[the LWPA] statutes are penal in nature and thus must be strictly and

narrowly construed. . . [and thus] cannot be expanded," the court found that "[t]hey are limited to

those employees who have either been discharged or who resigned." <u>Id.</u> at 550 (La. Ct. App.

1991); <u>see also</u>, <u>Hebbler v. Turner</u>, 2004 WL 414815, at *9 (E.D. La. Mar. 3, 2004)("[T]his

lawsuit does not result from defendants discharging plaintiffs from employment . . . or from

plaintiffs' resignation. . . . As such, [the LWPA] does not apply because there has been no

'discharge of any laborer or other employee' or 'resignation of any laborer or other employee,' as

required by the statute.").

      Accordingly, plaintiffs, whose termination from employment followed completion of

defined work rather than discharge or resignation, have failed to state a claim for relief under the

LWPA.

***General Maritime Law claims***

      Defendant contends that plaintiffs' General Maritime Law claims must be dismissed

because the Offer Letters signed by the plaintiffs are not maritime contracts, and thus General

Maritime Law does not apply.[1] Specifically, defendant argues that the Offer Letters are non-

---

      [1]Defendant also argues that plaintiffs' claims seeking penalty wages under the General Maritime Law must be dismissed, because the Seaman's Wage Act is the exclusive remedy for such wage claims, citing <u>Miles v. Apex Marine Corp.</u>, 498 U.S. 19 (1990). Plaintiffs concede

maritime because they do not reflect that the parties expected a vessel to play a substantial role in the completion of the contract. In contrast, plaintiffs contend that whether the contracts are maritime in nature turns on the question whether the parties expected a vessel to play a role in the contract, which is an issue of fact not susceptible to resolution on a Rule 12(b) motion.

Disputes arising out of maritime contracts are governed by federal general maritime law. Baloney v. Ensco Offshore Co., 570 F. App'x 423, 426 (5th Cir. 2014)(citing Demette v. Falcon Drilling Co., Inc., 280 F.3d 492, 497 (5th Cir. 2002), overruled on other grounds by Grand Isle Shipyard, Inc. v. Seacor Marine, LLC, 589 F.3d 778 (5th Cir.2009) (en banc)). "To be maritime, a contract (1) must be for services to facilitate activity on navigable waters and (2) must provide, or the parties must expect, that a vessel will play a substantial role in the completion of the contract." Barrios v. Centaur, L.L.C., 942 F.3d 670, 680 (5th Cir. 2019), cert. denied sub nom. Centaur, L.L.C. v. River Ventures, L.L.C., 140 S. Ct. 2675 (2020).

Plaintiffs allege that they were hired as seamen, commercial divers, diving supervisors, and members of the crew aboard a vessel under MADCON's control. There are no specific allegations concerning either parties' expectations regarding the role of the vessel in the completion of the contract. What the expectations were remain to be determined through discovery. Resolution of this issue is inappropriate in ruling on a Rule 12(b) motion, where the court accepts plaintiffs' allegations as true. Accordingly, the motion is denied with respect to plaintiffs' General Maritime Law breach of contract claims.

---

that the Seaman's Wage Act supersedes the General Maritime Law in causes of action for penalty wages, and assert only breach of contract claims under the General Maritime Law.

For all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's **Motion to Dismiss for Failure to State a Claim** (Rec. Doc. 12) is **GRANTED in part,** and plaintiffs' claims under the Louisiana Wage Payment Act are **DISMISSED**. In all other respects it is **DENIED;**

**IT IS FURTHER ORDERED** that defendant's alternative **Motion for Partial Summary Judgment** (Rec. Doc. 12) is **DENIED;**

**IT IS FURTHER ORDERED** that defendant shall file an Answer within **14 days** of entry of this order (Fed R. Civ. Pro. 12(a)(4)(A)).

New Orleans, Louisiana, this  <u>10th</u>  day of February, 2021.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

10